IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GILBERTO TAPIA-URIBE, )<br>)<br>Defendant. )<br>) | 8:09CR102<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on the defendant's objections, Filing No. 25, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 24, on the defendants' motion to suppress statements and evidence, Filing No. 13. The defendant is charged in Count I of the Indictment with being illegally in the United States and possessing a firearm in violation of 18 U.S.C. § 922(g)(5) and in Count II with forfeiture of the firearm in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Filing No. 1, Indictment.

    Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record and exhibits, including the transcript of the suppression hearing, and the exhibits. Filing No. 22, Hearing Transcript ("Tr."); Filing No. 19, Exhibit List. The court agrees with the magistrate judge's recitation of the facts, and will only summarize them for purposes of this memorandum and order. The court finds the defendant's objections to the R&R should be overruled and the defendant's motion to suppress denied.

    On or about January 15, 2009, a woman approached Officer Adam Turnbull, a member of the Omaha Police Department, who informed him about people arguing and

fighting in a parking lot by the Nodaway Apartment building.  Officer Turnbull patrolled that area often.  He testified about his familiarity with both the residents and the vehicles in that immediate area.  He and his partner, Officer Russell, drove toward the Nodaway Apartments.

Upon arrival, he spotted a vehicle not known to him.  Officer Turnbull exited his vehicle.  He asked the woman in the passenger seat if there were any problems and she responded in the negative.  The defendant, who was the driver, told the officer he was dropping someone off at these apartments.  Officer Turnbull testified that this is not usually where persons are dropped off at these apartments.  Officer Turnbull then asked the defendant for his identification.  The defendant indicated that he did not have a driver's license, but he had a Mexican identification card.  The passenger did not have any identification, and she stated "you won't find anything on me."  Filing No. 22, Tr. at 10.

The officers then asked both passengers to exit the vehicles so they could conduct a pat-down search.  Officer Turnbull stated he conducted the pat-down search for the following reasons:  officer safety; the late time of night; the fact that a woman had stopped them about a disturbance; they were in a high crime area and the Nodaway was known for drug activity and disturbances; the defendant and the passenger sat in a car with a below zero temperature; defendant sat in the driver's seat but had no license; and the statements made by both individuals sounded unusual to the officers.

While conducting the pat-down search, the officers discovered a methamphetamine pipe on the defendant.  The defendant kept turning his hip away from the search; and while continuing the pat-down search, the officers discovered a 9-millimeter handgun concealed in defendant's waistband.  The officers then placed defendant in handcuffs and continued the pat-down and found a knife.  They checked his identification card and found the

2

defendant did not have a driver's license, nor did there exist a valid identification card belonging to him.

Officer Turnbull then took the defendant to central booking. During the drive, the defendant asked why the officers arrested him and Officer Turnbull replied for possession of drug paraphernalia. The defendant then indicated he used marijuana but not methamphetamine, and he further stated he found the gun in a dumpster two weeks prior to that time. He did not receive his *Miranda* warning prior to making these statements. *See [Miranda v. Arizona](), 384 U.S. 436, 467 (1966)*.

The defendant has filed an objection to the report and recommendation of the magistrate judge arguing that the magistrate judge erred in finding that drivers normally stop elsewhere to let passengers out at Nodaway Apartments and in finding that defendant was armed and dangerous. Further, the defendant objects to the determination that the pat-down search was valid.

The defendant argued that all evidence should be suppressed because the search was unlawful under the Fourth Amendment. The magistrate judge conducted a hearing on April 28, 2009. The magistrate judge determined that the officers had an objectively reasonable belief that defendant was involved in or about to be involved in criminal activity. Thus, the magistrate judge recommended that this court find the investigative detention justified under the Fourth Amendment. *See [Terry v. Ohio](), 392 U.S. 1, 21-22 (1968)*; *[United States v. Gray](), 213 F.3d 998, 1000 (8th Cir 2000)*.

The magistrate judge then turned to the legality of the pat-down search. The magistrate judge determined that based on the totality of the circumstances, as set forth above, the officers were justified in conducting a pat-down search. *See [United States v. Washington](), 109 F.3d 459, 465 (8th Cir. 1997)* (substantial latitude given to law

3

enforcement officers to make inferences based on experience and officer safety issues). Accordingly, the magistrate judge recommended that this court deny defendant's motion to suppress the physical evidence obtained during the pat-down.

With regard to the statements made by the defendant on the way to the precinct, the magistrate judge determined that defendant was (1) in custody, but (2) no interrogation occurred and the defendant made voluntary and spontaneous statements. Accordingly, the magistrate judge recommended that this court deny the motion to dismiss on that basis as well.

After carefully reviewing the report and recommendation, evidence, record, transcript and relevant law, the court finds the magistrate judge is correct in both respects. Accordingly, the court will adopt the report and recommendation of the magistrate judge in its entirety.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 13, is denied;

2. Defendant's objection to the report and recommendation, Filing No. 25, is overruled; and

3. The report and recommendation of the magistrate judge, Filing No. 24, is adopted in its entirety.

DATED this 6th day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge